# In the United States Court of Federal Claims

No. 21-1045
(Filed:  2 November 2021)
NOT FOR PUBLICATION

```
*****************************************
DARRELL AVERY,                          *
                                        *
                 Plaintiff,             *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                 Defendant.             *
                                        *
*****************************************
```

## **ORDER**

      On 9 March 2021, plaintiff, proceeding *pro se*, filed his complaint with this Court.  *See* Compl., ECF No. 1.  On 6 May 2021, the government filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").  *See* Def.'s Mot. to Dismiss, ECF No. 9.  Plaintiff failed to respond to the government's motion to dismiss by the 3 June 2021 deadline, so the Court ordered plaintiff to respond by 23 August 2021 or risk dismissal for failure to prosecute pursuant to RCFC 41(b).  *See* Order, ECF No. 10.  On 19 August 2021, plaintiff attempted to file a deficient document, intended as a response "to the [judgment] to have [his] case dismissed," rather than a response to the government's motion to dismiss.  Pl.'s Resp. to J. to have Case Dismissed (rec'd Aug. 19, 2021).  Plaintiff's attempted filing argued the merits of the claims contained in his complaint and did not address the jurisdictional questions raised by the government's motion to dismiss.  *Id.*  The filing was also deficient for lacking proof of service, a case caption, the Court's name, and the names of the parties.  *See id.*  Accordingly, on 23 August 2021, the Court rejected the filing and allowed plaintiff an additional 60 days, until 22 October 2021, to respond to the government's motion to dismiss or otherwise show cause why his complaint should not be dismissed for failure to prosecute.  Order at 2, ECF No. 11.  The Court also granted plaintiff's application to proceed *in forma pauperis* on 23 August 2021.  *Id.*  Plaintiff has yet to respond to the government's motion to dismiss or the Court's order.  On 13 September 2021, however, the Court received a letter from plaintiff instructing the Court to "[d]ismiss the case"—the letter's significant deficiencies prevented it from reaching the docket.

      When a party fails to respond to any motion, or to subsequent court orders, dismissal is not only appropriate but required to properly administer justice.  "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ."  *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)).

- 2 -

Furthermore, RCFC 41(b) provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."  As *pro se* plaintiffs are, by their nature, unassisted, this Court may sometimes grant *pro se* plaintiffs greater lenience throughout the filing process.  In keeping with this permissive leniency, the Court allowed plaintiff an additional 88 total days to either file a response to the government's motion to dismiss or show cause why his complaint should not be dismissed for failure to prosecute.  *See* Order, ECF No. 10; Order, ECF No. 11.  In both the 26 July 2021 and 23 August 2021 Orders, the Court stated:  "If plaintiff fails to respond by this date, the Court will have no choice but to dismiss plaintiff's complaint for failure to prosecute pursuant to RCFC 41(b)."  Order at 1, ECF No. 10; Order at 2, ECF No. 11.  Plaintiff, however, has not responded to the government's motion to dismiss or the Court's Orders; therefore, the Court must dismiss the case pursuant to RCFC 41(b) for failure to prosecute and failure to comply with a Court order.

For the foregoing reasons, the Court **DENIES as MOOT** the government's motion to dismiss, ECF No. 9, and directs the Clerk to **DISMISS** the case without prejudice pursuant to RCFC 41(b).

**IT IS SO ORDERED.**

s/ Ryan T. Holte  
RYAN T. HOLTE  
Judge